**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | |
|---|---|
| Bank of Newington,<br><br>        Plaintiff,<br>  v.<br><br>Pleasant Point Plantation Property Owners Association, Inc.; Ann Amacher; Susan Hinrichs; Julie Whitmore; Carl Dilorio; Dana Anthony; Christian Sherbert; John Farrell; Doug Massalon; Mike Rieger; Jeanne Willingham; John Nesvold; and John and Jane Does 1–10,<br><br>        Defendants. | Case No. 9:25-cv-3797-RMG<br><br>**ORDER AND OPINION** |

Before the Court is Defendants' partial motion to dismiss. (Dkt. No. 17). Plaintiff responded to Defendants' motion. (Dkt. No. 22). For the reasons set forth below, the Court grants in part and denies in part Defendants' motion.

**I.    Background**

This suit arises from Plaintiff's claims that Defendants have conspired to prevent Plaintiff from developing a townhouse community on a tract of real property owned by Plaintiff in the development known as Twin Oaks at Pleasant Point, Beaufort, South Carolina ("Twin Oaks"). Plaintiff contends that Defendant Pleasant Point Plantation Property Owners Association (the "Association") and its Board of Directors, who are responsible for approving new construction in the development, have continuously blocked Plaintiff's development plans in bad faith and in breach of their fiduciary duty to Plaintiff. Plaintiff also brings nuisance and negligence claims against Defendants and seeks a declaratory judgment that Defendant Association acted in violation of the South Carolina Nonprofit Corporation Act, S.C. Code § 33-31-1-1 *et seq.*, by delegating

1

decision-making to an architectural review committee ("ARC"). Defendants partially move to dismiss Plaintiff's complaint on the grounds that it does not plausibly allege claims of civil conspiracy and breach of fiduciary duty as a matter of law. (Dkt. No. 17).

II.  **Legal Standard**

Fed. R. Civ. P. 12(b)(6) permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses . . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 1980). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a Defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the

pleading "allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Id.*

### III. Discussion
#### A. Civil Conspiracy

Defendants move to dismiss Plaintiff's civil conspiracy claim, arguing that it fails as a matter of law under the intra-corporate conspiracy doctrine. (Dkt. No. 17 at 5). "The intra-corporate conspiracy doctrine recognizes that a corporation cannot conspire with its agent because the agents' acts are the corporations own." *Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 352 (4th Cir. 2013). There are two exceptions to the intra-corporate conspiracy doctrine: the "Independent Personal Stake" exception and the "Unauthorized Act" exception. *Id.* at 353. The former applies where an agent of the corporation "possesses a personal stake independent of his relationship to the corporation." *Id.* (citation omitted). The latter exists "where the agent's acts were not authorized by the corporation." *Id.*

Plaintiff contends that both exceptions apply, arguing that its civil conspiracy claim survives dismissal where it alleges that Defendant Sherbert—a member of the Association's Board of Directors—"met surreptitiously with personnel in the Beaufort County Planning Department to attempt to influence changes to the County Code affecting the development of Twin Oaks" with the intent "to sabotage the development so that the Twin Oaks project could not be built." (Dkt. No. 1, ¶¶ 68-69). In Plaintiff's eyes, the fact that "Defendant Sherbert personally owns property in the community" is evidence that he "has a personal stake in the development of Plaintiff's property, and a personal motivation to want to control it." (Dkt. No. 22 at 6) (citing Dkt. No. 1, ¶¶ 135, 144.B). This strikes the Court as the type of conclusory pleading that *Iqbal* sought to abolish and is insufficient to overcome the intra-corporate conspiracy doctrine. *See Ashcroft v.*

3

*Iqbal*, 556 U.S. 662 (2009) ("[A] plaintiff in any civil action must do more than make mere conclusory statements to state a claim.").

The Court next considers whether the actions of the ARC in denying Plaintiff's proposed townhouse development represent unauthorized acts of the corporation under the second exception to the intra-corporate conspiracy doctrine. Plaintiff argues that "the purported ARC lacks the authority to act on behalf of the corporation because it is not comprised of directors of the corporation, as is required by South Carolina's Nonprofit Corporation Act." (Dkt. No. 1, ¶ 144.A). *See* S.C. Code Ann. § 33-31-825(a) ("Unless prohibited or limited by the articles or bylaws, a board of directors may create one or more committees of the board and appoint members of the board to serve on them. Each committee shall have two or more directors who serve at the pleasure of the board."). Defendants respond that "[t]he ARC, as an agent of the POA, acts under the authority granted by the POA's governing documents, as well as the ARC's guidelines" but does not address whether or not the ARC needed to or did indeed have two directors as members. (Dkt. No. 17 at 8-10). The Court finds that Plaintiff has plausibly alleged a civil conspiracy claim under the Unauthorized Act exception to the intra-corporate conspiracy doctrine and denies Defendants' motion to dismiss Plaintiff's civil conspiracy claim.

### B.  Breach of Fiduciary Duty

Defendants move to dismiss Plaintiff's breach of fiduciary duty claim, arguing that homeowner associations that are not developer-controlled do not owe a fiduciary duty to members of the association in South Carolina. (Dkt. No. 17 at 10-11). A host of South Carolina case law supports dismissal of Plaintiff's claim on this basis.

> Unlike a developer who maintains superior voting power and control over the subdivision until construction is complete and the majority of properties are sold, which creates the fiduciary

> relationship, the Association does not hold such power. Therefore, the appropriate measure for evaluating an Association's performance is whether the directors of the Association have exercised reasonable judgment and acted in good faith. *See O'Shea v. Lesser*, 308 S.C. 10, 15, 416 S.E.2d 629, 631–32 (1992) (holding an architectural review board designated by a homeowners' association did not owe homeowners a fiduciary duty; rather, the review board owed "a duty to exercise judgment reasonably and in good faith"); *id.* at 15, 416 S.E.2d at 632 ("We have never imposed the high standard of fiduciary duty on planned community organizations, such as the [b]oard, which are vested with the discretion to ensure that proposed modifications to residential property enhance the entire community."); *Fisher v. Shipyard Vill. Council of Co-Owners, Inc.*, 760 S.E.2d 121, 128 n.2 (S.C. Ct. App. 2014) (relying on *O'Shea* in holding the circuit court erred in granting summary judgment to homeowners against homeowners association for breach of fiduciary duty), *aff'd as modified*, 781 S.E.2d 903 (S.C. 2016) (*Fisher II*); *id.* ("To the extent the circuit court did grant summary judgment on the issue of fiduciary duty, it is reversed."). Although the Walls attempt to distinguish the instant case from *O'Shea* by asserting the Association is a nonprofit corporation whereas the review board in *O'Shea* was unincorporated, we find no indication in our precedent that such a distinction matters.

*Wall v. Dye*, No. 2020-001583, 2024 WL 2050978, at *1 (S.C. Ct. App. May 8, 2024). The Court grants Defendants' motion to dismiss Plaintiff's breach of fiduciary duty claim.

## IV.    Conclusion

In light of the foregoing, Defendants' partial motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's breach of fiduciary duty claim is **DISMISSED WITH PREJUDICE**. Plaintiff's other claims remain.

**AND IT IS SO ORDERED**.

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

July 25, 2025
Charleston, South Carolina

6